Miquon Coston, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Lydia Hernandez-Velez,* with her *Katherine F. Bryant,* for appellant.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 7, 1980:

The question presented by this appeal is that of whether or not the appellant, Miquon Coston, is entitled to public assistance in the form of an allowance for transportation expenses incurred in attending college pursuant to Department of Public Welfare Regulation, 55 Pa. Code §175.23(c)(3)(i), which provides in pertinent part:

> (3) *Recurring grants for expenses related to training.* A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified in this paragraph. . . .
>
> (i) *Does not apply to WIN.* The actual cost for public transportation or transportation by the automobile of another person, or $.12 a mile for transportation by the automobile of the client, to and from the training site for the following:
>
> > (A) A client who is enrolled in or participating in a non-WIN training program or work-experience program that is part of the training plan of the Department for the individual.
> >
> > (B) A mother or caretaker relative to attend high school, the General Education Development (GED) program, or undergraduate college.

The facts have been stipulated by the parties. Those relevant to the issue are that Ms. Coston is a general assistance recipient; that she is single with

no dependents; that she has been a full-time student at Temple University since the 1977-78 school year; that she received a transportation allowance for the 1977-78 term; that she received a nonrecurring one-time grant for the 1978 fall term for books and fees under 55 Pa. Code §175.23(2)ᵢ(vii), (ix); that she was denied a transportation allowance for the 1978 fall term; that upon her appeal, a DPW hearing examiner held that Ms. Coston was eligible for a transportation allowance for the 1978 fall term; and that the Executive Director of DPW's Hearing and Appeals Unit reversed the hearing examiner's decision, holding that college attendance is not a training program under 55 Pa. Code §175.23(c)(3)(i)(A).

The stipulated facts reveal that Ms. Coston is neither a "mother or other caretaker relative" and is therefore ineligible for transportation allowance under 55 Pa. Code §175.23(c)(3)(i)(B). Ms. Coston contends, however, that she qualifies under 55 Pa. Code §175.23(c)(3)(i)ᵢ(A) because she "is enrolled in . . . a non-WIN training program . . . that is part of the training plan of the Department for the individual." DPW, on the other hand, claims that college attendance can never be "a training program . . . that is part of the training plan of the Department for the individual."

With all deference due DPW's interpretation of its own regulations (*See, e.g., Budzinski v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 176, 394 A.2d 1333 (1978)), we are forced to disagree with its conclusion that Ms. Coston's college attendance is not a "training program . . . that is part of the training plan of the Department for the individual." The parties stipulated that a nonrecurring one-time grant for books and fees was authorized for Ms. Coston under 55 Pa. Code §175.23(c)(2). That regulation provides that such grants may be authorized to meet the

cost of items that "are needed in order to apply for or to accept . . . *training* which will result in decreasing or preventing [the] need for assistance. The individual must provide proof that he has an offer of a job, referral to a job or *training program.*" (Emphasis added.) Further, such nonrecurring one-time grants must "be approved in advance by the Executive Director or his delegate." 55 Pa. Code §175.23(c)(1) (iii). Inherent in the Executive Director's decision to approve the nonrecurring one-time grant was acceptance of Ms. Coston's college attendance as a training program. While there is no definition of what constitutes a "plan of the Department for the individual" under 55 Pa. Code §175.23(c)(3)(i)(A), DPW's approval of the nonrecurring one-time grant for Ms. Coston's books and fees necessary for attending college, coupled with the stipulated fact that DPW had only the previous school year approved Ms. Coston's transportation allowance, renders Ms. Coston's college attendance "a part of a training plan of the Department for" Ms. Coston.[1]

We do not here hold that college attendance is always a training program, or that DPW may not by regulation determine that college attendance may never be a training program. We hold here only that on the facts of this case applied to the existing regulations, Ms. Coston's attendance at Temple University is a "training program . . . that is part of the training plan of the Department for" Ms. Coston.

---

[1] DPW's approval of Ms. Coston's transportation allowance for the 1978-1979 school year and of a nonrecurring one-time grant for Ms. Coston's books and fees for the 1978-1979 school year and the 1979 fall term distinguish this case from *Steward v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 530, 395 A.2d 1043 (1979), and *Budzinski v. Department of Public Welfare, supra.* In those cases, DPW had, from the time of the claimant's initial application for an allowance for costs incurred in attending college, consistently denied the request.

**ORDER**

AND Now, this 7th day of April, 1980, the order of the Department of Public Welfare, dated December 7, 1978, is reversed and the record is remanded to the Department of Public Welfare for a determination of the travel allowance due Miquon Coston pursuant to 55 Pa. Code §175.23(c)(3)(i)(A).