Sheldon Dorian, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Lawrence D. Funsten,* for petitioner.

*Jason Marnne,* with him *Carol A. Genduso,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 18, 1981:

In December, 1979, Sheldon Dorian applied to the Department of Public Welfare for a one-time grant to cover the costs of clothing and supplies necessary to his continued studies at the University of Pittsburgh undergraduate electrical engineering program in which he was enrolled. Mr. Dorian is a partially blind recipient of General Assistance and was advised to enroll in the engineering program by his Bureau of Vocational Rehabilitation adviser. 55 Pa. Code §175.23(c)(2) provides:

> (2) Nonrecurring one-time grant. A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance.

Following a hearing, the application was approved by a hearing examiner but this decision was reversed by the Office of Hearings and Appeals on the ground that:

> A four-year undergraduate degree program is not considered a training program regardless of whether it is a liberal arts program or related to a specific discipline.

Mr. Dorian seeks review of this decision arguing that it represents a purely arbitrary exercise of the Department's discretion.

Counsel for both parties rely on our decision in *Coston v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 319, 413 A.2d 4 (1980). This reliance

is misplaced. In *Coston* the issue was whether a college program at Temple University was part of a "training program . . . that is part of the training plan of the Department . . ." within the meaning of 55 Pa. Code §175(c)(3). We there held that, on the facts of that case, certain prior representations and decisions of the Department constituted approval of Ms. Coston's undergraduate program at Temple University. Here the Department's approval of Mr. Dorian's program is not at issue. For receipt of this nonrecurring grant the only applicable requirements are that the program be "training," and that "it will result in decreasing or preventing [Mr. Dorian's] need for assistance."

The Department here stipulates that:

9. Due to the availability of positions in electrical engineering and the salaries received in this field, a degree in electrical engineering would probably decrease or prevent [Mr. Dorian's] need to receive Public Assistance.

Therefore, the only issue is whether this electrical engineering program is training. We can see no reason why it is not. The Department attempts to distinguish this program from others which are concededly training and for which grants have been approved on the ground that this four year college course is longer than the others. This distinction is without rational foundation in the light of the stated aim of the regulation to prevent and decrease the need for assistance and of the nonrecurring nature of the grant in question.

Order reversed.

ORDER

AND Now, this 18th day of November, 1981, the order of the Department of Public Welfare, is reversed and the record is remanded to the Department

460

of Public Welfare for a determination of the amount and payment of the nonrecurring one-time grant to which Sheldon Dorian is entitled under 55 Pa. Code §172.23(c)(2).