Geraldine Cowans, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 6, 1982, to Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Lawrence D. Funsten,* for petitioner.

*Carol A. Genduso,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, July 20, 1982:

The petitioner challenges a decision of the Department of Public Welfare (DPW) which denied her a special allowance for transportation costs while she attended the Community College of Allegheny County.

In the 1979-80 school year, the petitioner received a general assistance grant including a transportation allowance from the DPW while she was a part-time student seeking an Associate Degree in Programming. In December of 1980, the DPW proposed to discontinue the petitioner's transportation allowance while she was seeking the same degree and she appealed that decision to a hearing examiner who held that the DPW's policy was not to consider undergraduate college study as training for purposes of determining eligibility for a grant for transportation expenses and upheld the proposed discontinuance of such an allowance. On further appeal, the DPW affirmed the order of the hearing examiner and this petition for review followed.

Section 175.23(c)(3)(i)(A) of the DPW's regulations, 55 Pa. Code §175.23(c)(3)(i)(A), is at issue here and it provides:

(c) *Grants To Decrease Need For Assistance.* Grants to decrease need for assistance will conform with the following:

. . . .

(3) *Recurring grants for expenses related to training.* A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified in this paragraph. . . .

(i) *Does not apply to WIN.* The actual cost for public transportation or transportation by the automobile of another person, or $.12 a mile for transportation by the automobile of the client, to and from the training site for the following:

(A) A client who is enrolled in or participating in a non-WIN training program or a work experience program that is part of the training plan of the Department for the individual.

The petitioner argues that our decision in *Coston v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 319, 413 A.2d 4 (1980), makes it clear that, under this regulation, an undergraduate college curriculum is *not* automatically excluded from the concept of a training program as approved by the DPW and that it therefore erred in refusing a transportation allowance solely for that reason.

In *Coston,* the DPW approved a one-time grant for certain expenses for that claimant's undergraduate college education along with a transportation allowance, but in the next year it refused such an allowance for the identical educational program on the ground that college attendance could not be a training program. We found that the prior decision allowing the grants was an approval of the claimant's training plan and that, in the absence of a specific regulation

to the contrary, the DPW could not reverse its prior approval simply because the claimant's training was undertaken at an undergraduate college. The DPW was then ordered to pay the transportation allowance. The facts of that case are indistinguishable from those involved here and we therefore believe that *Coston* must control.

We must reiterate what was emphasized by this Court in *Coston*. We are not holding that the DPW must always approve a college education as a training program or that it may not, by regulation, determine that a training plan may never include college attendance. We find only that, once the DPW has approved an undergraduate college program as a training plan, the present regulations do not allow it to reverse that decision solely because the program involves a college curriculum.

We will therefore reverse the DPW's order and remand for a computation of the petitioner's transportation allowance.

ORDER

AND Now, this 20th day of July, 1982, the order of the Department of Public Welfare in the above-captioned matter is reversed and the record is remanded for a computation of the transportation allowance due to Geraldine Cowans under 55 Pa. Code §175.23(c)(3)(i)(A).