Albert W. Strausser, Appellant *v.* Allegheny Ludlum Industries and Commonwealth of Pennsylvania, Occupational Disease Fund, Appellees.

358

Submitted on briefs October 6, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*William J. Krzton, Krzton and Krzton,* for appellant.

*Henry A. Riley,* Assistant Counsel, for appellees.

OPINION BY JUDGE MACPHAIL, December 13, 1982:

Albert W. Strausser (Claimant) has appealed from an order of the Court of Common Pleas of Allegheny County which affirmed an order of the Workmen's Compensation Appeal Board (Board) denying Claimant's petition for compensation benefits under The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566 *as amended,* 77 P.S. §§1201-1603.

This matter was commenced by the filing of a claim petition on February 2, 1972. Claimant alleges in the petition that, as a result of his employment by Alle-

gheny Ludlum Industries (Employer) for approximately forty-two years, he became totally and permanently disabled as of July 14, 1971 by silicosis, an occupational disease.[1] Over the ensuing decade a complex procedural history has developed which we will briefly summarize. Following the initial hearing in this matter the referee denied benefits, concluding that Claimant had failed to meet his burden of proving statutory notice, exposure to a silica hazard or that he suffered from a job-related disability. Claimant's appeal to the Board resulted in a remand for additional medical testimony. The referee, on remand, again denied compensation benefits and a second appeal was taken which ultimately resulted[2] in a Board opinion affirming the referee. Claimant appealed the Board's order to the court of common pleas, but subsequently petitioned the Board for a rehearing. The Board granted the rehearing and once again remanded to the referee. After three additional hearings, the referee again denied compensation benefits. Both the Board and the court of common pleas affirmed and the instant appeal was taken.

The following legal conclusions, as stated by the referee and affirmed by the Board and the court of common pleas, are at issue in the instant appeal:

> 1. The claimant has failed to establish that he gave proper statutory notice of the alleged disability.
>
> 2. The claimant has failed to meet his burden to establish an exposure to a silica hazard while employed by the defendant.

---

[1] Silicosis is listed as an occupational disease in Section 108(k) of the Act, 77 P.S. §1208(k)

[2] The Board initially ordered a second remand to the referee, however, the Commonwealth appealed that order to the court of common pleas which held the second remand invalid and ordered the Board to make a final determination on the merits.

    3.   The claimant has failed to meet his burden to establish that he is totally disabled due to silicosis or related occupational disease.

The Claimant contends that these legal conclusions are in error and that the Board and referee also erred in refusing to consider certain of the evidence presented by Claimant during the final remand hearings before the referee.

Our scope of review where the Board's decision is adverse to the party with the burden of proof, here the Claimant, is to determine whether the fact findings are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Moyer v. Brockway Clay Co.,* 14 Pa. Commonwealth Ct. 610, 324 A.2d 876 (1974). In cases brought under the Act, the Board remains the ultimate fact finder and must determine questions of credibility and resolve conflicts in the testimony. *Schmeck v. General Battery Corp.,* 49 Pa. Commonwealth Ct. 15, 411 A.2d 264 (1980).

Turning first to the issue of statutory notice, Section 311 of the Act 77 P.S. §1411, provides that no compensation shall be allowed unless notice of disability is given to the employer within 120 days after the disability begins. Section 312 of the Act, 77 P.S. §1412, provides that the notice ''shall inform the employer that a certain employe became disabled as a result of the occupational disease, described in ordinary language, in the course of his employment on or about a specified time.''

Prior to the final remand hearings in the instant case, the only evidence adduced with regard to notice was Claimant's testimony that he had notified his Employer, on or about July 14, 1971, that he was unable to work. This notice was clearly inadequate since it did not inform the Employer that Claimant was suf-

fering from an occupational disease which was incurred in the course of his employment. At one of the final remand hearings, however, Claimant's wife provided additional testimony to indicate that adequate and timely statutory notice was given to the Employer. Both the referee and the Board refused to consider this evidence, concluding that the testimony could have been adduced at the original hearing.

It is clear that the primary purpose of a rehearing is to receive testimony which was not available at the time of the original hearing. Moreover, it must be established that evidence introduced at a rehearing was obtained subsequent to the original hearing and, even with the exercise of ordinary diligence, could not have been presented at that hearing. *Kelly v. North American Refractories,* 13 Pa. Commonwealth Ct. 321, 319 A.2d 428 (1974). In the instant case, Claimant's wife testified at the original hearing in December, 1972. There is no record evidence to establish that her later testimony regarding notice could not have been presented at the first hearing with the exercise of ordinary diligence. We, accordingly, believe that the referee and the Board properly refused to consider this testimony and correctly concluded that Claimant, therefore, has failed to establish proper statutory notice.

Although the Board could be affirmed on this ground alone, we also find support in the record for the Board's conclusion that Claimant failed to prove that he is totally disabled due to silicosis. The record contains conflicting medical reports and testimony regarding the issue of whether Claimant suffers from an occupational disease and is totally disabled thereby. Since the Board must resolve conflicts in the evidence, and may reject even uncontradicted evidence, it clearly was within the Board's province to accept

the medical evidence which was adverse to Claimant's case. *See Moyer.*

We, accordingly, will affirm the order of the court of common pleas.

### ORDER

It is ordered that the order of the Court of Common Pleas of Allegheny County, dated October 13, 1981, No. SA 669 of 1981, is hereby affirmed.