Joseph Leskin, Petitioner *v.* Workmen's Compensation Appeal Board (Coca-Cola Bottling Company of New York), Respondents.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Robert H. Holland,* with him *Barbara L. Hollen-bach, Holland, Taylor and Sorrentino,* for respondent, Coca-Cola Bottling Company of New York.

OPINION BY JUDGE BLATT, December 27, 1982:

Joseph Leskin (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which denied his petition for a rehearing.[1] In *Leskin v. Workmen's Compensation Appeal Board,* 69 Pa. Commonwealth Ct. 569, 451 A.2d 1061 (1982), we held that substantial evidence in the record supported the Board's permitting the petitioner there to terminate the claimant's benefits. Additionally, inasmuch as the claimant had indicated that the Board had not yet entered an order upon his request for rehearing, we held that his contention that the Board had erred in failing to grant his petition for rehearing was premature.

This appeal, however, has brought to our attention, that the Board actually did deny the claimant's petition on May 13, 1982, and that, although the instant appeal and the appeal in case 2345 C.D. 1981 were consolidated, the fact of this consolidation was not brought to this Court's attention when case 2345 C.D. 1981 was listed for argument. We will therefore correct this inadvertent but unfortunate error and reconsider here whether or not the Board abused its discretion in denying the claimant's petition for a

---

[1] Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871.

rehearing. *Douglas v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977).

We have recognized that the purpose of granting a rehearing is to allow a party to present newly discovered, non-cumulative evidence. *Babcock & Wilcox Construction Co. v. St. John,* 48 Pa. Commonwealth Ct. 1, 408 A.2d 915 (1979). Here, the Board's decision to grant the employer's petition to terminate was based on the September 26, 1980 testimony of the employer's medical expert, Dr. Joseph Sgarlet, who stated that his examination of the claimant's back condition disclosed an absence of objective symptoms and that it was his opinion that the claimant had sprained his back, had fully recovered, and would be able to resume his former duties as a deliveryman without limitation. We found this testimony to constitute substantial evidence.

The claimant's basis for requesting reargument request is that Dr. Sgarlet, at a hearing held almost a year later before the Social Security Administration (SSA), on July 22, 1981, testified that the claimant appeared to be totally disabled and did not appear to have the capacity to engage in light work, as defined by the SSA, and that he had some reservations about whether or not he would be able to engage in sedentary work.

Clearly, the claimant could not have produced this evidence at the hearing before the referee. And it is equally clear that, this after-discovered evidence, which is relevant to the ultimate issue, warrants a rehearing wherein the claimant should be permitted to introduce, and the employer to explain, Dr. Sgarlet's subsequent statement.

We hold, therefore, that the Board abused its discretion in denying the claimant's petition for rehear-

ing. Its order will be reversed and the matter will be remanded for further proceedings consistent with this opinion.

ORDER

AND Now, this 27th day of December, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and this matter is remanded to said Board for a hearing consistent with this opinion.