Herbert K. Helverson, Petitioner *v.* Workmen's Compensation Appeal Board (Central Foundry Company), Respondents.

Herbert K. Helverson, Petitioner *v.* Workmen's Compensation Appeal Board (Central Foundry Company), Respondents.

Submitted on briefs June 6, 1983, to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Samuel A. Litzenberger,* for petitioner.

*Charles W. Craven,* with him *Jo Fineman White, Marshall, Dennehey, Warner, Coleman & Goggin,* for respondent, Central Foundry Company.

Opinion by Judge Rogers, August 11, 1983:

Herbert K. Helverson (claimant) has filed a petition for review of the actions of the workmen's compensation authorities denying him an award for alleged work-related disability. The claimant initially averred in his claim petition that he was permanently and totally disabled from silicosis as a result of exposure to airborne silica and other substances during the course of his twenty-five years of employment with the Central Foundry of Quakertown, Pennsylvania. The petition was amended at the first evidentiary

hearing to include a claim for compensation on account of disability caused by all occupational diseases within the provision of Section 108(n) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, added by the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1. Section 108(n) provides compensation for disability for all diseases causally related to the claimant's occupation and to which the claimant was exposed by his occupation if the incidence of the claimant's disease "is substantially greater in that industry or occupation than in the given population."

The claimant states three questions for our consideration, but all three address the same point—that the referee incorrectly assessed the record evidence and for this reason mistakenly held that the claimant had not met his burden to show that he was disabled by an occupational disease.

The evidence adduced during three hearings between February and September, 1980, is that the duties of the claimant's employment with Central Foundry including, most recently, twelve years as a cupola[1] mechanic, brought him into daily contact with airborne particulates including silica dust; that the claimant suffered an acute episode of dyspnea on April 10, 1979, and was thereafter hospitalized for about one week for a condition specified on the discharge summary as "acute bronchitis, chronic obstructive pulmonary disease"; and that the claimant is now totally disabled as a result of chronic lung disease. The disputed issue of fact concerns the nature and cause of the claimant's lung disease.

On this issue, the testimony of two physicians was adduced. The claimant's treating physician, Dr. Mur-

---

[1] Although ill-defined in the record, we understand a cupola to be a vertical, cylindrical furnace for melting iron in a foundry.

ray J. Miller, testified as to the treatment received and diagnostic tests performed with respect to the claimant during his hospitalization in April, 1979, and that, in the doctor's opinion the claimant is totally disabled by "bronchitis superimposed on a chronic obstructive pulmonary disease, which in my professional opinion, was created because of his long environmental work history." Dr. Miller further testified on the basis of the claimant's account of his occupation and the airborne pollutants to which he was there exposed that, in the doctor's opinion, the claimant's chronic obstructive lung disease was "secondary to silicosis" and that the diseases from which the claimant suffered are "peculiar to the type of industry or occupation in which Mr. Helverson was engaged." Dr. Miller did not further elaborate on this last point. Finally, the physician testified that the diagnostic examinations he performed also indicated the presence of pulmonary emphysema. On cross-examination Dr. Miller was asked whether the claimant's condition could have been caused by his forty year history of cigarette smoking; to which question the doctor responded, "It would be possible."

A Dr. Theodore Rodman, M.D., Professor of Medicine at the Temple University School of Medicine and Chief of the Temple University Hospital's pulmonary function laboratory, testified for the defendant at a hearing conducted on September 5, 1980. Dr. Rodman described his examination of the claimant and the diagnostic tests and procedures which he had performed or which had been performed by others at his direction[2] and concluded on the basis of the examination and tests that the claimant was totally disabled

---

[2] The examination and interview with the patient took about five hours. The diagnostic procedures were described by Dr. Rodman as a "complete battery of tests" and included x-ray studies, an electrocardiogram, pulmonary function studies, and blood tests.

as a result of chronic obstructive lung diseases, including bronchitis and emphysema but that these diseases were caused by the claimant's cigarette smoking and were unrelated to his employment and that the claimant's condition was not caused by silicosis or other occupational pneumonic disease. Specifically, the physician testified in great detail as to the basis for his conclusion that the x-ray studies and the lung volume and vital capacity studies eliminated the possibility of silicosis and established the presence of emphysema; reiterating on cross-examination:

Q: Any of [the claimant's] lung problems or his disability that arose in April, 1980 came in your opinion exclusively from smoking?

A: Yes, sir. There's no question about it.

. . . .

Q: Do you disagree with Dr. Miller's conclusion — not conclusion, diagnosis — that [the claimant] suffered from chronic obstructive disease secondary to silicosis?

A: Yes, sir.

Q: Do you disagree with his conclusion that [the claimant] is disabled because of his exposure from his work.

A: Yes, sir.

Q: Do you disagree with his conclusion that the diseases diagnosed in [the claimant] are particular to the type of industry or occupation at which he has been engaged for twenty-five years?

A: I not only disagree, but I would characterize that as utter nonsense.

On the occasion of this appeal, the claimant emphasizes by repitition his contention that the testimony of Dr. Miller described above constitutes substantial evidence in support of his claim. We cannot

disagree; but the referee here gave greater weight to the directly contrary testimony of Dr. Rodman and it is the referee's province to assess and weight the evidence.

> In a workmen's compensation case the weight of testimony is exclusively for the referee to determine; and his decision to accept the testimony of one competent medical witness over that of another equally competent medical witness will not be disturbed on appeal, E.g. Modern Transfer v. Workmen's Compensation Appeal Board, 47 Pa. Commonwealth Ct. 592, 408 A.2d 900 (1979). Such a decision of itself does not constitute a capricious disregard of evidence, E.g. Nye v. Workmen's Compensation Appeal Board, 43 Pa. Commonwealth Ct. 98, 401 A.2d 875 (1979); Workmen's Compensation Appeal Board v. International Furnace Corp., 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975).

*McHale v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 344, 346, 425 A.2d 34, 35 (1981).

Finally, the claimant argues in the body of his brief[3] that the referee erred as a matter of law by failing to invoke in the claimant's behalf the presumption created by Section 301(e) of the Act, added by the Act of October 17, 1972, P.L. 930, 77 P.S. §413 and that the Board abused its discretion in refusing the claimant's

---

[3] These issues are not, as they are required to be, enumerated in the Statement of Qustions Involved. Pa. R.A.P. No. 2116. ("This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the Statement of Questions Involved or suggested thereby.") The issue of the propriety of the Board's denial of the claimant's request for a rehearing is the subject of the Petition for Review docketed to No. 2599 C.D. 1982, which petition is not separately supported by written argument.

application for a rehearing said to be necessary in order to produce newly discovered medical evidence of the cause of the claimant's disability.

The presumption referred to by its terms is applicable only when it is shown that the claimant suffers from an occupational disease and was employed in an occupation or industry in which that occupational disease is a hazard. *Gomori v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 164, 433 A.2d 142 (1981); *Harrigan v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 390, 397 A.2d 490 (1979); *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). The presence of an occupational disease was the controverted issue in this case and the referee concluded that the preponderance of the evidence was to the negative. Therefore, the presumption was inapplicable.

On the matter of the application for a rehearing, the claimant asserts that he desires to augment the record with the testimony of a Dr. Russel Jenkins which evidence "was not known to attorney for Claimant until April, 1982 and therefore could not have been presented at the original hearing." The grant or denial of a request for rehearing is charged to the discretion of the Board and review by this Court is limited to the correction of clear abuses of that discretion. *Douglas v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977). A rehearing is appropriate only for the introduction of newly discovered, noncumulative evidence and will not be granted to permit a party to strengthen weak proofs already presented. *Leskin v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 539, 453 A.2d 715 (1982); *Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 582, 414 A.2d 774 (1980). Rehearing

is not available for the presentation of evidence discoverable through the exercise of due diligence at the time of the initial hearings. *Strausser v. Allegheny Ludlum Industries,* 70 Pa. Commonwealth Ct. 357, 453 A.2d 63 (1982). In order to permit appellate review, the party denied a request for rehearing must describe the evidence sought to be introduced in detail sufficient to demonstrate that the evidence is not merely cumulative and was unavailable. *Bell v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 156, 417 A.2d 273 (1980). The claimant's description of the evidence he sought to adduce is insufficient. We further note that Dr. Russel Jenkins whose testimony is now proffered is the partner in practice of the claimant's chief witness, Dr. Miller, and that the claimant's exhibits introduced before the referee show that Dr. Jenkins examined the claimant during his April, 1979, hospitalization, interpreted diagnostic studies and prepared reports related to electrocardiograms, echocardiograms and pulmonary function studies performed on the claimant; and indeed, that the claimant's hospital admission history and physical report prepared by Dr. Jenkins is the document earliest dated in this record which expresses an opinion, albeit tentative, that the claimant's condition might be causally related to silicosis. Dr. Jenkins' opinion as to the cause of the claimant's disability, the only remaining issue in this case, was certainly known to the claimant before this case was closed.

Order affirmed.

ORDER IN 872 C.D. 1982

AND Now, this 11th day of August, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

ORDER IN 2599 C.D. 1982

AND Now, this 11th day of August, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter refusing the request for a re-hearing of Herbert K. Helverson is hereby affirmed.