513 A.2d 569

Karen A. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 15, 1986, to Judges MACPHAIL and COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Michael Bresnahan,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 31, 1986:

Karen A. Miller (Petitioner) appeals from a final order of the Department of Public Welfare (DPW) which refused a request for reconsideration of a DPW order which denied Petitioner's appeal from a decision of the Centre County Board of Assistance (Board) denying Petitioner, a recipient of Aid to Families with Dependent Children (AFDC), a one-time grant for a one-time general deposit fee and enrollment fee for the Pennsylvania State University, where she is enrolled. We affirm.

At a fair hearing held June 25, 1985, Petitioner testified that she had been accepted at Penn State as a

provisional student and would be taking courses in agriculture. In upholding the Board's denial of the one-time grant, DPW determined that Petitioner had failed to provide proof of either a job offer or training that would result in a decrease in need for assistance as required by the following regulation:

(2) *Nonrecurring one-time grant.* A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance. The individual must provide proof that he has an offer of a job, referral to a job or training·program, or that he has been scheduled for admission to an examination, such as a Civil Service test or high school equivalency test. The eligible items are as follows:

. . . .

(vii) Registration or enrollment fee for a training course.

Section 175.23(c)(2)(vii) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §175.23(c)(2)(vii).

For a claimant to be entitled to a nonrecurring one-time grant under the regulation it is incumbent upon the claimant to show that the grant is "needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance." *See Burwell v. Department of Public Welfare,* 51 Pa. Commonwealth Ct. 374, 414 A.2d 443 (1980); *Rodgers v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 574, 405 A.2d 1068 (1979). When the party with the burden of proof has failed in a hearing before DPW, this Court's scope of review is limited to

the determination of whether the adjudication was in accordance with the law, whether the petitioner's rights were violated and whether the hearing officer's findings of fact can be upheld without a capricious disregard of competent evidence. *Faix v. Department of Public Welfare,* 92 Pa. Commonwealth Ct. 383, 499 A.2d 411 (1985).

The only evidence on the record dealing with the issue of whether Petitioner's pursuit of agricultural studies at Penn State would decrease or prevent her need for assistance is Petitioner's testimony, that (1) she intended to get a "decent position" by enrolling at Penn State;[1] (2) she planned to be an agricultural student and take horticulture courses;[2] (3) she wanted to get a B.S. Degree in Agriculture and Horticulture that would "hopefully" lead to a career in the field;[3] and (4) Penn State has a placement officer for its graduates.[4]

Petitioner relies on *Dorian v. Department of Public Welfare,* 62 Pa. Commonwealth Ct. 457, 437 A.2d 85 (1981). In *Dorian* this Court acknowledged that under Section 175.23(c)(2), a claimant requesting a non-recurring grant for expenses associated with the pursuit of an undergraduate degree must show both that the program is "training" and that it "will result in decreasing or preventing . . . [claimant's] need for assistance." This Court concluded that Mr. Dorian's undergraduate electrical engineering program met both tests.

In the case *sub judice* we conclude that while the agriculture program in which Petitioner is enrolled may very well be "training," she has not met her burden of showing that the program "will result in decreasing or preventing . . . [her] need for assistance." In *Dorian* the

---

[1] Notes of Testimony of June 25, 1985 (N.T.) at 4.

[2] N.T. at 5.

[3] N.T. at 5.

[4] N.T. at 6.

claimant and DPW had stipulated that "[due] to the availability of positions in electrical engineering and the salaries received in this field, a degree in electrical engineering would probably decrease or prevent [Mr. Dorian's] need to receive Public Assistance." *Dorian,* 62 Pa. Commonwealth Ct. at 459, 437 A.2d at 86. There was no such stipulation made in the case at bar nor was any such finding of fact made by DPW. The evidence presented by Petitioner, while showing that she was hopeful that her training would lead to gainful employment in the field of horticulture, was devoid of any indication of what sorts of specific jobs Petitioner would be qualified for at the end of her training and the availability of such jobs.[5]

We conclude that DPW acted properly in denying Petitioner a non-recurring grant in that she failed to meet her burden of showing that the pursuit of her undergraduate program would result in "decreasing or preventing . . . [her] need for assistance." We, accordingly, affirm DPW's order.

ORDER

The order of the Department of Public Welfare is affirmed.

---

[5] Included in Petitioner's brief to this Court are some statistical studies of the availability of such jobs. Petitioner did not introduce any of these studies into evidence at her hearing before the board so we are precluded from considering them now. *See Zinman v. Department of Insurance,* 42 Pa. Commonwealth Ct. 270, 400 A.2d 689 (1979).