537 A.2d 932

Calleb Anam, Petitioner *v.* Workmen's Compensation Appeal Board (Hahnemann and INA Insurance Company, Insurance Carrier), Respondents.

Submitted on briefs December 15, 1987, to Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Ronald J. Harper,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell* & *Detweiler,* for respondent, Hahnemann University and Hospital.

OPINION BY SENIOR JUDGE NARICK, February 17, 1988:

Calleb Anam (Claimant) petitions this Court for review of a decision of the Workmen's Compensation Appeal Board (Board) which denied Claimant's request for rehearing and affirmed a referee's decision denying Claimant workmen's compensation benefits.

The somewhat confusing procedural history in this matter can be summarized as follows. On or about December 10, 1984 Claimant filed a petition for workmen's compensation benefits pursuant to Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1208, alleging that he suffered from a continuing disability which had commenced on March 11, 1982.[1] Hahnemann Hospital (Employer) filed a timely answer thereto asserting the defense of res judicata. Claimant appeared at four separate referee hearings: January 23, 1985,

---

[1] We should note that the record reveals that Claimant had filed an earlier claim petition and was awarded disability benefits for the period March 11, 1982 to January 1983. This decision was subsequently affirmed by the Board. Claimant did not appeal this order.

March 26, 1985, May 28, 1985 and August 22, 1985. At each hearing before the referee, Claimant was without the benefit of counsel.[2] The hearings conducted on March 26, 1985 and May 28, 1985 were specifically continued so that Claimant could obtain representation of counsel and medical testimony in support of his position.[3] The referee concluded that Claimant failed to meet his burden of proof and dismissed Claimant's petition. Claimant appealed the referee's denial of benefits to the Board and also made an alternative request for a remand of the matter to the referee. On July 3, 1986, the board affirmed the referee's denial of benefits and denied Claimant's request for remand. On August 4, 1986, Claimant filed a petition for review with this Court seeking reversal of the Board's decision, or in the alternative a remand to the referee for a new hearing on the merits.

On July 15, 1986 Claimant also filed a petition for rehearing with the Board.[4] This petition requested not only a rehearing with respect to the instant proceedings (the proceedings before Referee Perry) but also, with respect to the earlier decision issued by Referee Stander which awarded Claimant benefits for the period March, 1982 to January, 1983. Subsequently, Employer filed an answer to the petition for rehearing. On April 24, 1987 the Board denied the request for rehearing as

---

[2] Although the record discloses that Claimant was represented by at least two different attorneys with respect to the matter herein, he never had the benefit of counsel before the referee.

[3] At the first hearing held on January 23, 1985, Claimant requested that Referee Stander recuse himself and Referee Stander granted Claimant's request. Consequently, Referee Perry was assigned to the instant matter.

[4] It appears the petition for rehearing was filed by one attorney who had represented Claimant and the petition for review of August 4, 1986 was filed by Claimant's present attorney.

to Referee Stander's decision because it was untimely pursuant to Section 426 of the Act, 77 P.S. §871 and also as to Referee Perry's decision because the evidence sought to be introduced was available at the time of the hearing and was merely cumulative.

On July 20, 1987 Employer filed an Application for Leave to Supply Materials Omitted from the Record pursuant to Pa. R.A.P. 1951(b) with the Commonwealth Court. Pursuant to said application, Employer seeks to supplement the record herein with the July 15, 1986 petition for rehearing, Employer's answer thereto and the Board's April 24, 1987 denial of the request for rehearing.[5]

There are two issues raised in this appeal: (1) whether Claimant's July 15, 1986 petition for rehearing, Employer's response thereto and the Board's order of April 24, 1987 denying the request for rehearing should be included in the record now before this Court for review, and (2) whether Claimant is entitled to a rehearing.[6]

First, we will address Employer's application to supplement the record with the petition for rehearing, Employer's answer thereto, and the April 24, 1987 Board order. We note that Claimant's petition for review specifically appeals the July 3, 1986 order of the Board affirming the decision of Referee Perry. It is provided in Pa. R.A.P. 1951(a):

Where under the applicable law the questions raised by a petition for review may be deter-

---

[5] Claimant has not filed a brief regarding this issue.

[6] We are cognizant that on review of a decision of the Board, we are limited to a determination of whether there has been a violation of constitutional rights, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

mined by the court in whole or in part upon the record before the government unit, such record shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

However, Pa. R.A.P. 1951(b) states:

If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed.

Thus, when an appellate court is petitioned to review an administrative agency decision, it may not consider matters not made part of the record before the administrative agency. *See Miller v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 392, 513 A.2d 569 (1986) where the court refused to consider a statistical study which petitioner had attached to her brief because it had not been introduced into evidence in the record before the administrative agency; *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance),* 96 Pa. Commonwealth Ct. 613, 508 A.2d 624 (1986) where it was held that factual averments contained in a brief which were not part of the record before the administrative agency could not be considered by the appellate court; *Scott v. Pennsylvania Board of Probation and Parole,* 91 Pa. Commonwealth Ct. 564, 498 A.2d 31 (1985) where pages of certified record which dealt with substantive evidence and were not mentioned in the transcript of the full board revoca-

tion hearing would be deleted from the certified record; *Grubbs v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 464, 481 A.2d 1390 (1984) where this Court held that it cannot consider matters not made part of the record before the administrative agency and whether or not such information is prejudicial to the petitioner is irrelevant; *McKenna v. Pennsylvania State Horse Racing Commission*, 83 Pa. Commonwealth Ct. 116, 476 A.2d 505 (1984) where the court refused to consider letter attached to petitioner's brief because letter was not part of the record certified from the administrative agency.[7]

Pursuant to Pa. R.A.P. 1951(b), any material *omitted* from the record or *misstated* therein may be admitted or corrected upon stipulation by the parties or upon direction by the court. The case *sub judice* clearly does not involve a situation whereby information has been misstated in the record or omitted from the record. Employer seeks to supplement the record with documents which not only post-date the order of the Board subject to review herein, but also, pertain in part to workmen's compensation proceedings which were separate and apart from the order appealed from herein. Obviously, the documents which Employer seeks to admit could not have been made part of the record before the administrative agency nor should they now be supplemented to the record. This Court cannot consider evidence which was not part of the record before the administrative agency with respect to the proceedings sought to be reviewed. Accordingly, the request to supplement the record is hereby denied.[8]

---

[7] Also, 2 Pa. C. S. §704 provides:

The court shall hear the appeal without a jury *on the record certified by the Commonwealth agency* . . . (Emphasis added.)

[8] We also note that Petitioner has appended to his brief a copy of Referee Stander's March 8, 1984 decision which as we have al-

We now turn to Claimant's argument that his request for rehearing was improperly denied by the Board in its decision of July 3, 1986.[9] Claimant argues that a rehearing is warranted because he did not have the benefit of counsel before Referee Perry and was not advised nor given the opportunity to present witnesses on his behalf in lieu of inadmissible medical records. Claimant admits in his brief that although the referee did advise Claimant to obtain counsel, Claimant was not advised to offer witnesses in lieu of the inadmissible medical records.[10]

---

ready indicated involved a workmen's compensation proceeding separate and apart from the matter appealed from herein. Therefore, while there may have been reference in the Notes of Testimony to this decision by Referee Stander, this document was not admitted into evidence and cannot be considered on review by this Court. Also, Employer has attached several documents to its brief which are not part of the record herein—an order of the Board dated September 19, 1984 affirming Referee Stander, the July 16, 1986 Petition for Rehearing and the April 24, 1987 order of the Board. We also cannot consider these documents on review. *See McKenna*.

[9] Section 426 of the Act provides in pertinent part:

The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee, but such hearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee. . . .

[10] This Court has held that a referee during the course of workmen's compensation proceedings should maintain his role as an impartial fact finder. *Aversa v. Workmen's Compensation Appeal Board and Hygrade Meats*, 63 Pa. Commonwealth Ct. 611, 439 A.2d 1269 (1981) and *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Leasure)*, 54 Pa. Commonwealth Ct. 113, 420 A.2d 37 (1980).

Our comprehensive review of the record herein discloses that four separate hearings were held with respect to Claimant's petition for benefits. The hearing of March 26, 1985 was specifically continued so that Claimant could obtain counsel. The hearing of May 28, 1985 was specifically continued at Claimant's request in order for Claimant to obtain counsel and the testimony of a doctor from New York. At this hearing the referee specifically advised Claimant that he should have an attorney to represent him at the deposition. *See* Notes of Testimony (N.T.) from May 28, 1985 at page 4. On August 22, 1985 Claimant again appeared before the referee without assistance of counsel and attempted to submit certain medical reports into evidence. Counsel for Employer objected to the admission of these reports on the basis of hearsay. The referee sustained the objection and explained to Claimant:

> You haven't let me finish . . . In Workmen's Compensation, if your claim exceeds more than 25 weeks of disability, if you are seeking a claim for more than 25 weeks or approximately six months and you attempt to substantiate it by submission of medical reports, those reports, if there is an objection, are not admitted into evidence. They are hearsay. If your claim is for less than 25 weeks or less than six months then medical reports are admissible and they are perfectly proper. Your claim is more than 25 weeks of disability. There has been an objection raised by defense counsel, therefore, those reports are not admissible. You must present live medical testimony, either by way of bringing the doctor here or taking his deposition. . . . *See* N.T. from August 22, 1985 at page 9.

Claimant was clearly advised by the referee that he was required to present medical testimony by deposi-

tion or by securing a doctor's attendance at a hearing to testify. Nevertheless, at no time did Claimant offer any relevant evidence in support of his position.

The decision of whether to grant or deny a rehearing is within the Board's discretion. *Helverson v. Workmen's Compensation Appeal Board (Central Foundry Co.)*, 76 Pa. Commonwealth Ct. 286, 463 A.2d 1243 (1983). A rehearing is appropriate only for the introduction of newly discovered, non-cumulative evidence. *Helverson; Leskin v. Workmen's Compensation Appeal Board (Coca Cola Bottling Co. of New York)*, 70 Pa. Commonwealth Ct. 539, 453 A.2d 715 (1982). A rehearing will not be granted merely to permit a party to strengthen weak proofs already presented. *Helverson; Young v. Workmen's Compensation Appeal Board (Britt and Pirie, Inc.)*, 72 Pa. Commonwealth Ct. 471, 456 A.2d 1150 (1983); *Leskin;* nor will a rehearing be granted in order to present evidence which was discoverable through the exercise of due diligence at the time of the initial hearing. *Helverson.* Additionally, in order to permit appellate review, a party denied a request for rehearing must describe the evidence sought to be introduced in detail sufficient to demonstrate that the evidence is not merely cumulative and was unavailable. *Helverson.*

Thus, Claimant has provided no proof whatsoever that he has medical evidence which is newly discovered and non-cumulative. Therefore, we must affirm the Board's denial of Claimant's request for rehearing.[11]

Accordingly, we deny Employer's application to supplement the record and affirm the order of the Board dated July 3, 1986 denying Claimant's request for relief.

---

[11] Although Claimant did present to the Board two medical reports in support of its July 16, 1986 request for rehearing, Claimant has offered no medical evidence in support of his position with respect to the appeal subject to our review herein.

492

## ORDER

AND NOW, this 17th day of February, 1988, Employer's application to supplement the record is hereby denied and the order of the Workmen's Compensation Appeal Board in regard to the above-captioned matter is hereby affirmed.