IN THE COMMONWEALTH COURT OF PENNSYLVANIA

School District of Philadelphia,　　　　:
　　　　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　: No. 450 C.D. 2019
　　　　　　　　　　　　　　　　　　: SUBMITTED:  October 11, 2019
Workers' Compensation Appeal　　　　 :
Board (Bruno),　　　　　　　　　　 :
　　　　　　　　Respondent　　　　　:


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　　HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER　　　　　　　　　　　　　FILED:  December 16, 2019

The School District of Philadelphia (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the order of a Workers' Compensation Judge (WCJ).  The WCJ and the Board granted reinstatement and review petitions by Angelique Bruno (Claimant).  Relevant here, the WCJ and the Board also refused to grant Employer credit for payments made to Claimant for sick leave, wage continuation benefits, and two successive health sabbaticals.  After thorough review, we affirm.

## I. Background

Claimant worked for Employer as a teacher beginning in 2003.  Reproduced Record (R.R.) at 39a.  In 2009, Claimant suffered a head injury resulting in loss of consciousness when a special needs student attacked her.  *Id.*  Claimant developed

headaches and sporadic tremors after the 2009 incident, but was able to manage them and needed only occasional medical treatment. *Id.*

In 2013, Claimant was teaching sixth and seventh grade English at the F.A. Bregy School. *Id.* at 73a, 76a. In early November 2013, she suffered a work-related injury when she was repeatedly kicked in the head and abdomen by a group of students while trying to protect another student. *Id.* at 73a-74a. Claimant lost consciousness during the incident and required hospital treatment. *Id.* at 74a.

After the November 2013 incident, Claimant's preexisting symptoms worsened dramatically. *Id.* In addition, she developed difficulty reading and writing, speech impairment and sporadic loss of speech, sensitivity to light and noise, incontinence, and seizures. *Id.*

Employer accepted Claimant's November 2013 injury as compensable and issued a Notice of Compensation Payable unilaterally describing Claimant's injuries as "head, cervical, abdominal wall, bilat[eral] shoulder, concussion, sprain/strain, contusion." *Id.* at 73a. Claimant was able to return to work in late December 2013 at wages equal to or greater than her time-of-injury wages. *Id.* Employer issued a Notice of Suspension based on Claimant's return to work. *Id.*

However, over the next two years, Claimant continued to suffer from the effects of her November 2013 injuries. Her symptoms increased in frequency and severity, and she developed anxiety and depression as well. *Id.* at 75a. She had difficulty performing her job; she could no longer write on a blackboard or whiteboard and had to type everything for her students. *Id.* Even normal levels of noise made by groups of students caused her to experience tremors. *Id.* Ultimately, Claimant found herself unable to continue working for Employer and did not return after January 4, 2016. *Id.* at 75a-76a. She was diagnosed with psychogenic seizures

characterized by speech arrest, garbled speech, seeming unawareness, and incontinence; conversion disorder; post-concussion syndrome; post-traumatic stress disorder; and major depressive disorder. *Id.* at 78a.

Claimant informed Employer that her inability to continue working was the result of her November 2013 work-related injury. *Id.* at 35a. However, she did not immediately file a petition for reinstatement of her workers' compensation benefits. Instead, *following Employer's instructions*, Claimant first exhausted her available sick leave, then applied for and received wage continuation benefits, and then requested and was granted two health sabbaticals (the maximum allowable) in succession. *Id.* at 36a, 46a-47a.

In June 2017, Claimant filed a review petition seeking to correct the description of her work-related injury by adding work-related conversion disorder, post-concussion syndrome, post-traumatic stress disorder, and depression. *Id*. at 73a. In July 2017, she filed a reinstatement petition, alleging a decrease in earning power as of January 4, 2016. *Id.* Employer filed answers denying the averments of both petitions. The review and reinstatement petitions were consolidated for disposition by the WCJ. *Id.* The WCJ found Claimant's testimony and that of her treating physician to be credible and persuasive. *Id.* at 83a. The WCJ granted both the review and the reinstatement petitions. *Id.* at 85a. Employer did not appeal those portions of the WCJ's decision.

Relevant here, Employer submitted payroll records to the WCJ showing payments to Claimant from November 8, 2013 to August 11, 2017. *See* Certified Record (C.R.), Item #27. Employer requested credit for sick pay, wage continuation payments, and health sabbatical payments made to Claimant after she stopped working on January 4, 2016. However, the payroll records did not indicate the

3

sources or purposes of the various payments, and Employer offered no explanatory testimony.

The WCJ found that "although [] Claimant admitted that she received sick pay benefits, wage continuation, and two periods of [health] sabbatical pay . . . ," Employer's payroll printout did not "specifically detail the nature of the benefits received by [] Claimant . . . ." R.R. at 84a. The WCJ found as a matter of law that Employer could not obtain any credit for sick pay or health sabbatical leave. The WCJ observed that "Employer *may* be entitled to some credit for the wage continuation payments," but that Employer offered no evidence establishing contributions to premiums[1] or the amounts or exact nature of the payments made to Claimant. *Id.* (emphasis added). Accordingly, the WCJ denied Employer's credit request in its entirety. *Id.*

Employer appealed to the Board, challenging only the WCJ's denial of the credit request. Employer sought either credit for its payments to Claimant or a remand to the WCJ for consideration of more detailed evidence, a determination concerning the nature of the payments, and calculation of any credit due Employer.

The Board affirmed the WCJ's decision, agreeing with the WCJ that Employer failed to establish eligibility for a credit based solely on the payroll records. The Board also observed that "[a]n employer is not entitled to a credit where the employee is required to deplete exhaustible benefits which would otherwise be available for a non-compensable injury." *Id.* at 107a (citing *Marsh v. Workmen's Comp. Appeal Bd. (Prudential Ins. Co.)*, 673 A.2d 33 (Pa. Cmwlth.

---

[1] In *Marsh v. Workmen's Compensation Appeal Board (Prudential Ins. Co.)*, 673 A.2d 33 (Pa. Cmwlth. 1996), this Court found that credit was available for short-term disability benefits because the employer itself fully funded the premiums. Here, Employer offered no evidence of the extent, if any, to which it funded the premiums required to procure the benefits paid to Claimant.

4

1996)); *see Peoples Nat. Gas Co. v. Workmen's Comp. Appeal Bd. (Keith)*, 441 A.2d 1364 (Pa. Cmwlth. 1982).

The Board likewise denied Employer's request for a remand. The Board distinguished *City of Philadelphia v. Workers' Compensation Appeal Board (Calderazzo)*, 968 A.2d 841 (Pa. Cmwlth. 2009), on which Employer relied. The Board explained that in *Calderazzo*, the employer was clearly entitled to a credit for disability pension benefits paid by reason of the claimant's inability to work,[2] even though the amount of that credit was not clearly established. Therefore, a remand was appropriate. R.R. at 108a.

Here, however, Employer's entitlement to any credit was unclear. *Id.* Employer failed to meet its burden in support of an award of credit. The Board concluded: "A remand is not allowable simply for strengthening weak proofs that have already been presented." *Id.* (citing *Paxos v. Workmen's Comp. Appeal Bd. (Frankford-Quaker Grocery)*, 631 A.2d 826 (Pa. Cmwlth. 1993)).

Employer's petition for review by this Court followed. Employer filed a request for a supersedeas during the pendency of its petition for review. This Court denied the supersedeas request, finding that Employer failed to show a strong likelihood of success on the merits. *Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd. (Bruno)* (Pa. Cmwlth., No. 450 C.D. 2019, filed July 23, 2019), slip op. at 6.

---

[2] In *City of Philadelphia v. Workers' Compensation Appeal Board (Calderazzo)*, 968 A.2d 841 (Pa. Cmwlth. 2009), the employer funded the disability pension at issue. As noted above, here Employer offered no evidence concerning the funding of the benefits it paid to Claimant.

## II. Issues on Appeal

On appeal,[3] Employer no longer seeks a credit for sick leave payments made to Claimant. However, Employer renews its demand of credit for its wage continuation and health sabbatical payments.

## III. Discussion

Under Section 319 of the Workers' Compensation Act (Act),[4] where a claimant has received payments for a disability resulting from a work-related injury, and the employer made the payments on the basis that the injury was not compensable under the Act, the employer may seek a credit of the amount paid. 77 P.S. § 671; *see Marsh*. Specifically, an employer that pays regular stated amounts in relief of the employee's inability to work, from its general funds or from sick or accident benefits, but not as wages or salary for work performed, may seek a credit against its later-determined liability for workers' compensation benefits. *Marsh* (citing *Creighton v. Continental Roll & Steel Foundry Co.*, 38 A.2d 337 (Pa. Super. 1944)). However, the employer is not entitled to a credit if the payments required the injured employee to deplete exhaustible benefits to which she would be entitled if she suffered from a non-compensable injury. *Id.* (citing *Peoples Nat. Gas Co.*). For example, in *Marsh*, a credit was appropriate for the employer's short-term disability benefit payments, but only because the benefits were *not* exhausted and would again be available in the event of a future disability. *Id.*

---

[3] Our review of a workers' compensation decision is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether there was an error of law, or whether constitutional rights were violated. *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585 (Pa. Cmwlth. 2019) (*en banc*).

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

The employer has the burden of proving entitlement to a credit, including the extent to which the employer funded the benefit[5] provided to the claimant. *Stepp v. Workers' Comp. Appeal Bd. (Fairpoint Commc'ns, Inc.)*, 99 A.3d 598 (Pa. Cmwlth. 2014); *Dep't of Pub. Welfare/Polk Ctr. v. Workers' Comp. Appeal Bd. (King)*, 884 A.2d 343 (Pa. Cmwlth. 2005). Here, the WCJ and the Board found Employer failed to meet its burden of proof. We agree.

**A. Credit for Health Sabbatical and Wage Continuation Payments**

An employer is not entitled to credit for sick pay, because an employee is entitled to sick leave regardless of whether she suffered a compensable injury. *Marsh*. Similarly, an employer is not entitled to credit for sabbatical leave pay, because such pay constitutes payment in return for the employee's services, not payment in relief of inability to work. *Hartwell v. Workmen's Comp. Appeal Bd. (McLean Trucking Co.)*, 507 A.2d 902 (Pa. Cmwlth. 1986). Here, Employer offered no evidence that its health sabbatical was sufficiently different from either sick pay or other sabbatical leave to support entitlement to a credit against Claimant's workers' compensation benefits.

Employer produced payroll records stating payment dates, gross pay, deductions, and net pay. C.R., Item #27. Nothing in the submitted records stated which payments were wages and which were sick pay, wage continuation payments, or health sabbatical payments.

---

[5] Claimant cites *School District of Philadelphia v. Workmen's Compensation Appeal Board (March)*, 531 A.2d 547 (Pa. Cmwlth. 1987), *disapproved on other grounds by Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 611 A.2d 1187 (Pa. 1992), as stating that Employer funds 50% of the premiums for non-occupational disability benefits and employees contribute the other 50%. *See* Br. of Bruno at 5 n.1. That alleged fact is not part of this record, and we will not consider it. *See Commonwealth v. DePasquale*, 501 A.2d 626 (Pa. 1985) (court must decide case before it on evidence presented by parties; it may not take judicial notice in one case of the records in another and may not base decision on evidence of record in unrelated case).

Employer argues that the types of payments are evident from changes in the payment amounts. For example, Employer points to Claimant's acknowledgment that her health sabbatical payments were half of her regular salary, and asserts that a drop in Claimant's pay from $2,131.46 to $1,006.13 on February 10, 2017 was "roughly" a reduction by half, thus correlating with the commencement of health sabbatical payments. Br. of Sch. Dist. of Phila. at 11. Employer's argument is not well taken. Our review of the payroll records reveals frequent fluctuation, both increases and decreases, sometimes dramatic, which are not explained by Claimant's general testimony concerning the benefits she received. *See id.*; C.R., Item #27. Employer failed to explain these many fluctuations or match them to specific categories of benefits provided to Claimant.[6]

Moreover, even assuming the payroll records were otherwise sufficient to demonstrate the amounts of the payments made in various categories of benefits, Employer failed to present evidence that its payments of Claimant's available wage continuation and health sabbatical benefits did not deplete exhaustible benefits. Indeed, Claimant provided unchallenged testimony that she moved from one benefit to the next precisely because each type of benefit *was* exhausted. R.R. at 36a-37a. Claimant also testified, without challenge by Employer, that she followed Employer's instructions to apply for the various benefits Employer paid to her. R.R. at 46a-47a. The WCJ was thus entitled to conclude that Employer required Claimant

---

[6] We note that the payroll records at R.R. 67a-70a differ somewhat from those in the certified record. *Cf.* Certified Record (C.R.), Item #27. Not only are the two sets of payroll records differently paginated, but more importantly, the records at R.R. 67a, dated from August 25, 2017 through February 9, 2018, are not a part of the certified record, which contains payroll records ending on August 11, 2017. However, the WCJ's opinion refers to payroll records through February 3, 2018. We cannot consider documents not contained in the certified record. However, the discrepancy between the certified record and the reproduced record is not material to our disposition of this matter.

8

to exhaust those benefits. As explained above, Employer may not obtain credit for any payment that required Claimant to deplete an exhaustible benefit. Accordingly, Employer failed to demonstrate entitlement to credit for *any* category of payments to Claimant.

## B. Request for Remand

Employer contends that even if the current record contains insufficient evidence to allow calculation of a credit, a remand is appropriate to allow the WCJ to receive additional evidence and make such a calculation. We discern no merit in this argument.

We agree with the Board that a remand is not appropriate merely to allow a party to submit additional evidence that could have been offered in the original proceeding. A remand is appropriate only for presentation of after-discovered, non-cumulative evidence, not to allow a party to strengthen weak evidence previously submitted. *Helverson v. Workmen's Comp. Appeal Bd. (Cent. Foundry Co.)*, 463 A.2d 1243 (Pa. Cmwlth. 1983). Moreover, a remand will not be granted for presentation of purportedly after-discovered evidence that could have been discovered through reasonable diligence at the time of the original hearing. *Id.*

Here, Employer seeks to present additional evidence enhancing its previously submitted payroll records. Further explanation of evidence already in the record cannot be said to constitute after-discovered evidence; nor can Employer reasonably contend it lacked the ability to acquire such an explanation during the pendency of the proceedings before the WCJ. Indeed, Employer asserts neither that it has after-discovered evidence nor that it could not have obtained and presented explanatory information earlier by exercising reasonable diligence.

9

We also agree with the Board's conclusion that *Calderazzo* is not applicable here. Employer argues that *Calderazzo* supports a remand where an employer's entitlement to a credit is clear but the exact amount of the credit is not. However, *Calderazzo* has no application where, as here, Employer has failed to establish its entitlement to *any* credit.

Employer asserts "[t]he WCJ herself noted that Employer seemed to be due some form of a credit . . . ." Br. of Sch. Dist. of Phila. at 12. This is a mischaracterization of the WCJ's decision. Finding of Fact 13.f stated that "Employer *may* be entitled to some credit for the wage continuation payments, but there is no evidence of record to establish the contribution to the premiums, the time period and amount received, or the exact nature of these payments . . . ." R.R. at 84a (emphasis added). Thus, the WCJ was *not* suggesting Employer "seemed to be due some form of credit." *See* Br. of Sch. Dist. of Phila. at 12. To the contrary, in Conclusion of Law 4, the WCJ expressly found "Employer has not met its burden of proof that it is entitled to a credit for *any* payments made to [] Claimant on and after January 4, 2016." *Id.* (emphasis added).

We therefore agree with the Board that no remand is appropriate here.

## IV. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

School District of Philadelphia, : 
     Petitioner : 
      : 
   v. :   No. 450 C.D. 2019
      : 
Workers' Compensation Appeal : 
Board (Bruno), : 
     Respondent : 

## **O R D E R**

AND NOW, this 16th day of December, 2019, the order of the Workers' Compensation Appeal Board is AFFIRMED.

           _____

           ELLEN CEISLER, Judge