Denise B. Budzinski, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 3, 1978, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Richard B. Mellman,* for petitioner.

*Linda Gunn,* Assistant Attorney General, with her *Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 12, 1978:

Denise B. Budzinski asks us to reverse a decision of the Department of Public Welfare, upheld by a Hearing Examiner, that she was not eligible for transportation and child care allowances while taking a training course in mathematics. We affirm.

Ms. Budzinski receives public assistance of the Aid to Families with Dependent Children category from the Allegheny County Board of Assistance. In 1975, Ms. Budzinski and the Allegheny County Board of Assistance developed a plan to help her get job training. From February to November 1975, Ms. Budzinski attended the Sawyer School, an accredited business school where she received stenographic training. She received $970.25 from the County Board for transportation and child care. She completed the course and was certified as job-ready by the school. She then applied for two secretarial positions but got neither.

On September 6, 1977, Ms. Budzinski began a Comprehensive Employment Training Act of 1973 (CETA) training course in mathematics, a prerequisite for future training as a surgical technician or a paramedic. On either September 5th or 6th, Ms. Budzinski told the County Board of her intention to pursue the mathematics training course and requested transportation and clothing allowances. The County Board of Assistance refused Ms. Budzinski's request and explained that since she had already received secretarial training as part of the plan which had been developed for her, "further study in a totally different field cannot be considered as our plan to decrease your need for assistance and allowances cannot be authorized."

Ms. Budzinski appealed from this determination and a hearing was held on October 18, 1977. The Hearing Examiner concluded that additional training for Ms. Budzinski in a new field was not part of the Department's plan for her and that she was therefore not entitled to the transportation and child care allowances under Department of Assistance regulation at Section 175.23(c)(3) of the Public Assistance Eligibility Manual which provides, in part:

(3) *Recurring Grants for Expenses Relating to Training*

A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified below.

. . . .

(i) *Does Not Apply to WIN*

The actual cost for public transportation ... for:

(A) A client who is enrolled in or participating in a non-WIN training program or a work experience program *that is part of the Department's training plan for the individual....*

. . . .

(ii) *Applies to WIN and NON-WIN*

The actual reasonable cost of care for a client's child(ren) ... provided the following three conditions are met:

(A) The expense is attributable to:

. . . .

2. His participation in a non-WIN training program or work experience project *that is part of the Department's training plan for the individual....*

. . . .

(B) The care cannot be provided by other household members and

(C) No other sound plan can be made for the care. (Emphasis added.)

Ms. Budzinski's contention is that because she was unable to obtain employment in the line of work for which the Department's plan sought to qualify her, we should hold that plan to be unreasonable and require the County Board to furnish transportation and child care allowances while she pursues a different plan of her choice. The Department of Public Welfare counters that Ms. Budzinski's attendance at a course prerequisite to qualifying as a surgical technician or paramedic was not a training plan which it had either approved or had an opportunity to review. Since, the Department continues, its regulations require approval of the plan before a training grant may be made, the Department's and the Hearing Examiner's decisions were correct.

The establishment by an administrative agency of rules, regulations and standards, the administration by an agency of programs in its charge and the execution of administrative duties and functions all involve wide discretion. In none of these areas may the courts disturb the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty. Representative cases announcing these principles in the public assistance field are *Dandridge v. Williams,* 397 U.S. 471 (1970) and *Travis v. Department of Public Welfare,* 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971), *affirmed,* 445 Pa. 622, 284 A.2d 727 (1971). It is too clear for serious argument to the contrary that this record contains nothing which would justify disturbing the decision below.

Order affirmed.

### ORDER

AND Now, this 12th day of December, 1978, the order of the Hearing Examiner dated October 28, 1977 is affirmed.