Gladys Steward, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 7, 1978, before Judges WILKIN-
SON, JR., ROGERS and MACPHAIL, sitting as a panel of
three.

*Susanne Reilly,* with her *Stephen F. Gold,* for pe-
titioner.

*Edward P. Carey,* Assistant Attorney General, for
respondent.

OPINION BY JUDGE WILKINSON, JR., January 5, 1979:

This is an appeal by Gladys Steward (appellant)
of an adverse Department of Public Welfare (Depart-
ment) order. We affirm.

Appellant had been receiving Aid to Families with
Dependent Children (AFDC) for herself and her
family for seven years. She enrolled in an associate
degree program at Community College in Philadelphia
for the fall semester of 1977. On the recommendation
of her advisor she also enrolled in a preparatory pro-
gram entitled "Act Now" which was to begin May 9,
1977. She then requested a child care allowance of

$45.00 a week and transportation allowance of $7.00 a week, so she could attend these "Act Now" classes. This request was denied by the Philadelphia County Board of Assistance (Board) on May 24, 1977. Appellant then requested a fair hearing which was held on June 16, 1977. The hearing examiner affirmed the Board's decision on July 8, 1977. This appeal followed.

The question in this case is whether the Department's denial of child care and transportation benefits for a program not specified in the regulations is an abuse of discretion. DPW-Pa Manual §175.23 provides for assistance to recipients who are in training programs:

(3) *Recurring Grants for Expenses Related to Training*

A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified below.

. . . .

(i) . . . .

The actual cost [of] transportation . . . for:

. . . .

(B) a mother or other caretaker relative to attend High School, the General Educational Development (GED) program, or undergraduate college.

(ii) . . . .

The actual reasonable cost of care for a client's child(ren) [if]:

(A) The expense is attributable to:

. . . .

3. a mother's or other caretaker relative's attendance in High School, the GED program, or undergraduate college. . . .

The fair hearing officer found that "[s]ince the appellant is not a matriculated undergraduate student at the present time, and since the program in which she is enrolled is not a training or work experience program that is part of the Department's training plan for the client, the hearing examiner finds that the appellant does not qualify for the requested allowances."

The Department maintains that "Act Now" is not an undergraduate college nor was it part of a plan which they had approved for her. We have to agree, particularly in light of a very recent opinion filed by this Court. *Budzinski v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 176, 394 A.2d 1333 (1978). On almost identical facts and interpreting the same department regulation 175.23(c) Judge ROGERS wrote:

> The establishment by an administrative agency of rules, regulations and standards, the administration by an agency of programs in its charge and the execution of administrative duties and functions all involve wide discretion. In none of these areas may the courts disturb the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty. Representative cases announcing these principles in the public assistance field are Dandridge v. Williams, 397 U.S. 471 (1970) and Travis v. Department of Public Welfare, 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971), affirmed, 445 Pa. 622, 284 A.2d 727 (1971). It is too clear for serious argument to the contrary that this record contains nothing which would justify disturbing the decision below.

*Id.* at 394 A.2d at 1334-35.

This is also true with the case at bar. Accordingly, we will enter the following

ORDER

AND Now, January 5, 1979, the Final Order of the Department of Public Welfare in case number 575-883-C, dated July 8, 1977 is hereby affirmed.