Jean Wright, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Ann Shalfeck,* with her, *Ellen Josephson,* for petitioner.

*Linda Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 9, 1980:

Since 1966, petitioner has been receiving Aid to Families with Dependent Children (AFDC) for herself and her four children.

She has appealed from an order of the Department of Public Welfare (DPW) which affirmed a denial of her request for special cash allowances for carfare and child care (training-related expenses) to enable her to take a four-month training program in small business management, accounting and typing.

While on AFDC, petitioner has heretofore received her general education diploma from high school, taken refresher courses in English and reading in 1973, and, in August of 1978, completed her bachelor's degree in communications and film-making from Temple University. DPW provided recurring grants for child-care and transportation throughout that period.

The applicable departmental regulations, at Section 175.23(c)(3) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §175.23(c)(3), provide for recurring cash grants to any participant in a training or work experience program or project "that is part of the training plan of the Department for the individual."

DPW's hearing and appeals unit denied petitioner's current request on the grounds that her en-

rollment in the business and secretarial training program was not part of the department's training plan for her. The department supports that stance by contending that she completed her plan with the attainment of her bachelor's degree, observing that she had enrolled in the business program even before completing her degree at Temple.

Appellant argues that DPW's denial is a flagrant abuse of discretion because the department never developed a plan for her.

We find that argument without merit.

Petitioner received special allowances to enable her to enter college and complete a degree program. Although DPW did not specifically label that education as part of a "plan", its ongoing subsidy of her B.A. through recurring grants make it apparent that a plan did in fact exist, a plan which petitioner chose for herself but DPW tacitly approved.

Petitioner argues that DPW cannot reject her new plan because no Philadelphia market exists for filmmakers, the skill she acquired under DPW's previous tacitly-approved plan for her.

Were we to agree, we would have to usurp the department's discretion in order to approve a new plan whenever a previous plan has left a recipient unable to acquire a job in the field originally chosen.

Consequently, we are constrained to leave these kind of DPW decisions to administrative discretion. *Budzinski v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 176, 394 A.2d 1333 (1978); *Steward v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 530, 395 A.2d 1043 (1979).

The only difference in the *Budzinski* and *Steward* cases was the existence of a previous expressly-approved department plan. The result with a tacitly-approved department plan is the same.

*Chase v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 301, 406 A.2d 261 (1979) and *Rodgers v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 574, 405 A.2d 1068 (1979) dealt with requests for one-time cash grants for materials necessary "to apply for or to accept employment or training" under PAEM §175.23(c)(2), 55 Pa. Code §175.23(c)(2). Those cases are not pertinent here because the regulation there required only that the training would result in decreasing or preventing the need for assistance. It did not contain the further requirement for the recurring grants here, that the training program be part of DPW's plan for the individual recipient.

We therefore find no abuse of discretion or error of law in the department's position that, because petitioner already has completed one training plan with tacit DPW approval, the department will not now authorize recurring grants for yet another training venture.

ORDER

AND Now, this 9th day of January, 1980, the order of the Department of Public Welfare's Hearing and Appeals Unit, dated November 8, 1978, in the above-captioned matter is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.