Sarah Burwell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Lawrence M. Schall,* for petitioner.

*Carol A. Genduso,* with her *Linda M. Gunn,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE MENCER, May 14, 1980:

Sarah Burwell (petitioner) appeals from a decision of the Department of Public Welfare (DPW) affirming the Philadelphia County Board of Assistance's (CBA) denial of her request for cash grants for expenses related to a training program pursuant to DPW regulations at 55 Pa. Code §175.23(c)(2) and (3).

Section 175.23(c)(3) provides for recurring cash grants for child care and transportation expenses incurred by an assistance recipient pursuing a training program "that is part of the training plan of the Department for the individual" and which is designed to decrease the need for assistance. Section 175.23(c)(2) provides for nonrecurring one-time cash grants for certain materials, such as books and clothing, necessary for training which is designed to decrease the need for assistance.

Petitioner, a recipient of Aid to Families with Dependent Children, requested cash grants to cover child care, transportation, and book expenses incurred by reason of her enrollment and attendance in a course entitled "The Basic Principles of Management and/or Ownership" at the Entrepreneurial Development Training Center. CBA denied the request on the ground that the training would not decrease her need for assistance. Petitioner appealed and simultaneously requested a clothing allowance under Section

175.23(c)(2). Following a fair hearing, the hearing examiner affirmed the CBA decision, finding that recurring grants were properly denied, since petitioner's training was not part of an approved DPW plan for her, and that the nonrecurring grants were properly denied because the request was made subsequent to attendance in the course.

Petitioner argues that DPW denied her request because she was pregnant and that this action constituted an abuse of discretion, since the decision was based upon a constitutionally impermissible irrebuttable presumption that, because of pregnancy, she would be unable to participate in and complete the course.

It is well settled that approval of training programs for assistance recipients is within DPW's administrative discretion. *See Wright v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 413, 409 A.2d 966 (1980).

After carefully reviewing the record, we find no abuse of discretion in DPW's decision. DPW reached the conclusion that petitioner's proposed training would in all likelihood not result in decreasing her need for assistance and that the training course should therefore not be approved, based upon consideration of several factors. First, petitioner did not discuss her plan with DPW prior to enrolling, even though she had seen her caseworker less than 3 weeks before the course began. Second, DPW properly questioned the value of a course in principles of small business management and ownership when petitioner had not graduated from high school and had no prospect of financial support. Third, the institution offering the course had no placement service. Finally, petitioner was not only pregnant but was scheduled to give birth during the term of the course. We fail to see how this final factor was an improper consideration, even though in

retrospect petitioner was able to complete the course. Under these circumstances, we simply cannot conclude that DPW's decision was based solely upon an irrebuttable presumption regarding her pregnancy and therefore an abuse of its discretion.

Finally, although the hearing examiner's decision with regard to the book and clothing expenses is based upon an improper application of the regulations, as decided in *Rodgers v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 574, 405 A.2d 1068 (1979), and *Chase v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 261, 406 A.2d 261 (1979), the decision to deny these grants remains valid, based upon the determination that the training would not lead to a decrease in need for assistance.

## ORDER

AND Now, this 14th day of May, 1980, the order of the Department of Public Welfare, dated November 27, 1978, denying an appeal from the decision of the Philadelphia County Board of Assistance which denied Sarah Burwell's request for certain recurring and nonrecurring grants, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

Judge CRAIG dissents.