Pamela Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Linda M. Bernstein,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 20, 1981:

Petitioner appeals from an order of the Department of Public Welfare (DPW) which affirmed the Philadelphia County Board of Assistance's (CBA) denial of her request for special cash allowances to enable her to complete a nursing assistant training course. We affirm.

At the time of the request, petitioner was receiving Aid to Families with Dependent Children for herself and her three minor children. On November 1, 1978 the CBA received a request from petitioner for special allowances for carfare and child care while she attended a nursing assistant course. On November 22, 1978, after reviewing petitioner's case record, the CBA sent a written denial of this request to petitioner basing their denial on the fact that petitioner had not successfully completed past training courses for which special allowances had been authorized.

After a hearing on January 17, 1979, a hearing examiner sustained the CBA's action concluding that petitioner's attendance in the nursing assistant's training program was not part of DPW's current training plan for petitioner thus she was not entitled to receive the special training allowance.

The applicable departmental regulations, Section 175.23(c)(3) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §175.23(c)(3), provide for special grants to decrease the need for assistance. Recurring cash grants for expenses relating to training are authorized for any enrollee or participant in a training or work experience program or project "that is part of the training plan of the Department for the individual." PAEM §175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(I), 55 Pa. Code §175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(I).

Petitioner argues that DPW's denial of the special allowance request and therefore its refusal to adopt the nursing assistant program as a "training plan" for her amounts to an abuse of discretion. More specifically her complaint is that the caseworker who denied the request abused his discretion by basing that denial on his assumption that petitioner had failed to complete the prior courses due to the presence of young children in her household.[1] Although petitioner testified as to her own and different reasons for not completing each course she started, the point is that, for whatever reason, she did not finish them and DPW subsidized these past unsuccessful efforts.

"It is well settled that approval of training programs for assistance recipients is within DPW's administrative discretion. See *Wright v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 413, 409 A.2d 966 (1980)." *Burwell v. Department of Public Welfare,* 51 Pa. Commonwealth Ct. 374, 376, 414 A.2d 443, 444 (1980). This Court may not "disturb the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty." *Budzinski v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 176, 179, 394 A.2d 1333, 1335 (1978).

We conclude that there was no "manifest or flagrant abuse of discretion" nor "a purely arbitrary execution of duty" in this case. DPW did not approve the nursing assistant course as a training plan for petioner primarily because of petitioner's performance record in the past. The caseworker's testimony reveals his consideration of the fact that petitioner had

---

[1] A close reading of the caseworker's testimony reveals that the denial was not based solely on his concern over the age of petitioner's children. He also cited her poor record of not completing past training programs.

a child who was approximately one year old when her request for training allowances came through. Both of these factors are appropriate ones. We cannot say that consideration of an assistance recipient's family obligations was improper. *See Burwell, supra* at    , 414 A.2d at 445. Certainly the fact that DPW had already provided allowances for keypunch operator training, dental technician school, secretarial training, and a General Equivalency Diploma preparatory course was the most important factor in assessing whether or not this particular request would help reach the ultimate goal behind providing these training allowances: a decrease or total elimination of the need for assistance. No abuse of discretion occurred when DPW decided not to subsidize yet another training program for this particular assistance recipient. *See Wright, supra.*

Accordingly, we enter the following

ORDER

AND Now, January 20, 1981, the Final Order of the Department of Public Welfare in case number 1048-658-C, dated January 30, 1979 is hereby affirmed.