Patricia Holloway, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Lawrence M. Schall,* for petitioner.

*Phillip B. Rosenthal,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, June 1, 1982:

Patricia Holloway (claimant) appeals here from an order of the Department of Public Welfare (DPW) reversing the decision of a hearing examiner which had granted her a training allowance pursuant to the DPW regulations at Sections 175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §§175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II).

The claimant had worked as a full-time secretary until 1974 when she injured the little finger of her right hand and consequently lost all feeling and control in the finger, becoming unable to type proficiently and was then discharged. She thereafter performed secretarial/clerical work for Kelly Girl in jobs which did not require much typing. As a recipient of benefits under the Aid to Families with Dependent Children (AFDC), she later informed her caseworker that she planned to attend a course in beauty culture and requested a training allowance to cover her expenses for uniforms, shoes, child care and transportation, but the County Assistance Office (CAO) denied this request on the grounds that the training was not part of the DPW's plan for her. After a fair hearing, at which a representative of the CAO testified that it was aware of the claimant's handicap but had nevertheless determined that she should continue working in the cleri-

cal field, the hearing examiner found that, in view of the claimant's handicap, the CAO's determination had been unreasonable. On appeal, the Director of the DPW Office of Hearings and Appeals (Director) reversed the Hearing Examiner, having determined that the evidence and the hearing officer's findings did not support a conclusion that the CAO had abused its discretion. This appeal followed.

Our scope of review in these cases is limited to determining whether or not the final adjudication was in accordance with law, constitutional rights were violated, or all necessary findings of fact were supported by substantial evidence. *Musselman v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 537, 395 A.2d 1047 (1979).

The claimant contends that the Director erred in substituting his own findings of fact for those of the hearing examiner. In so arguing, she points to the DPW regulations found at PAEM §§275.4(h)(1)(iii) and (iv), 55 Pa. Code §§275.4(h)(1)(iii) and (iv), which specifically authorize the hearing examiner to determine the facts, and at PAEM §275.4(h)(4)(i), 55 Pa. Code §275.4(h)(4)(i), which provides in pertinent part that:

> Reversal by the Director will be confined to matters of law and established departmental policy; no findings of fact made by the Hearing Examiner will be subject to reversal.

We believe that the Director's review of a hearing examiner's decision is clearly limited to determining whether or not the decision is in accord with the law and the duly promulgated agency regulations. *Fettrow v. Department of Public Welfare*, 47 Pa. Commonwealth Ct. 220, 407 A.2d 487 (1979). We also believe that the pertinent DPW regulations permit a training allowance to be granted to a claimant participating in a "training program or work experience

project that is part of the training plan of the Department for the individual." PAEM §§175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II), 55 Pa. Code §§175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II). It is well-settled, of course, that an agency's interpretation of its own regulations is entitled to great weight, *Felker v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 90, 411 A.2d 1297 (1982), and that "approval of training programs for assistance recipients is within DPW's administrative discretion." *Burwell v. Department of Public Welfare,* 51 Pa. Commonwealth Ct. 374, 376, 414 A.2d 443, 444 (1980). This Court, therefore, may not disturb "the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty." *Budzinski v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 176, 179, 394 A.2d 1333, 1335 (1978).

The Director here did not, as the Claimant asserts, reverse the factual findings of the hearing examiner. What he did, rather, was to determine that the hearing examiner, having found that the claimant was able to work in the secretarial/clerical field after her injury, had erred in then concluding that the CAO had abused its discretion in determining that the claimant should continue to work in the clerical field. It is well within the province of the Director to reverse the hearing examiner for the purpose of upholding 1) the legal principle that "approval of training programs . . . is within DPW's administrative discretion," *Burwell,* 51 Pa. Commonwealth Ct. at 376, 414 A.2d at 444, and 2) the established departmental policy that participation in a DPW-approved program is a prerequisite to a grant of a training allowance, PAEM §§175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II), 55 Pa. Code §§175.23(c)(3)(i)(A) and (c)(3)(ii)(A)(II); PAEM §275.4(h)(4)(i), 55 Pa. Code §275.4(h)(4)(i).

The testimony of the claimant and the findings of the hearing examiner establish that, although the claimant's typing ability is limited as a result of her injury, she is able to perform duties, including some typing, in the clerical field, the area in which her skills and previous experience lie. It did not, therefore, constitute a "manifest and flagrant abuse of discretion or a purely arbitrary execution of duty," *Budzinski*, 39 Pa. Commonwealth Ct. at 179, 394 A.2d at 1335, for the CAO to determine that the claimant ought to remain working in the clerical field. The order of the Director so maintaining, therefore, was supported by substantial evidence and by the hearing examiner's findings, was consistent with departmental regulations and did not constitute an abuse of discretion on his part. It must, therefore, be affirmed.

### ORDER

AND Now, this 1st day of June, 1982, the order of the Director of the Hearings and Appeals Unit, Department of Public Welfare, in the above-captioned matter is affirmed.

Judge MENCER did not participate in the decision in this case.