Regina Nolf, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs September 13, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Lucinda A. Bush,* with her, *Christine Luchok Fallon, Deirdre McDonald* and *Denise Niedzielski,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 19, 1982:

The petitioner,[1] a welfare client receiving Aid to Families with Dependent Children (AFDC), applied for two special allowances from the state welfare authorities consisting of the County Board of Assistance (CBA) and the Department of Public Welfare (DPW). Both applications were denied, and she has appealed DPW's final actions.

From June, 1975 through July, 1977, the petitioner attended and completed a basic beauty operator's course consisting of 1250 hours of training at the Pittsburgh Beauty Academy. The petitioner became an AFDC recipient on June 3, 1976 and remained so until September 2, 1977. After she completed this training DPW paid the costs attendant upon her taking the State Board Examination, which she passed.

The petitioner did not receive AFDC from September 2, 1977 until October 12, 1979. During this time she completed a teacher's course at the Pittsburgh Beauty Academy and obtained a teaching certificate.

The petitioner has been receiving AFDC since October 12, 1979. On December 11, 1979, she told her CBA that she would attend an electrolysis course at the Pittsburgh Beauty Academy, which started on December 17, 1979 and ended in February, 1980. In this connection she applied for (1) a nonrecurring grant of $75 for uniforms and (2) a recurring transportation allowance in the amount of $1.20 per day for about 50 days.

The CBA refused the petitioner's requests for the special allowances on the ground that she was "job ready" and that the electrolysis training was not part of her training plan. The petitioner filed a timely appeal; a hearing was held; and a DPW hearing examiner sustained the CBA's action. This was affirmed

---

[1] Regina Nolf.

by the Director of the Hearing and Appeals Unit. We affirm.

The grant or refusal to approve the items applied for by the petitioner are matters referred to the discretion of the public assistance authorities. Transportation grants of the nature the petitioner sought are the subject of Department of Public Welfare Regulation, 55 Pa. Code §175.23(c)(3)(i)(A), which provides:

> (3)   Recurring grants for expenses related to training. A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified in this paragraph. There must be proof that the individual is participating in the designated training program. . . .
>
> (i)   . . . .
>
>    (A)   A client who is enrolled in or participating in a non-WIN training program or a work experience program that is part of the training plan of the Department for the individual.

The nonrecurring one-time grant for clothing is authorized by Department of Public Welfare Regulation, 55 Pa. Code §175.23(c)(2).

> *Nonrecurring one-time grant.* A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance. The individual must provide proof that he has an offer of a job, referral to a job or training program, . . . .

With respect to DPW's exercise of discretion, it is well to be reminded occasionally of the narrow scope of review.

The establishment by an administrative agency of rules, regulations and standards, the administration by an agency of programs in its charge and the execution of administrative duties and functions all involve wide discretion. In none of these areas may the courts disturb the exercise of this discretion in the absence of proof of fraud, bad faith, manifest and flagrant abuse of discretion or a purely arbitrary execution of duty.

*Budzinski v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 176, 179, 394 A.2d 1333, 1335 (1978); *see also Travis v. Department of Public Welfare,* 2 Pa. Commonwealth Ct. 110, 115-116, 277 A.2d 171, 173-174 (1971).

There is no suggestion of fraud, bad faith or purely arbitrary exercise of discretion by CBA or DPW, which both concluded that the petitioner's achievement of her beauty operator's license followed by a teacher's certificate constituted a sufficient training program and we discern nothing arbitrary in this decision.

At the time of the hearing and decision below the petitioner's child had not yet attained the age of six years. The parent of a child this young is not required to register for or accept employment (55 Pa. Code §165.23(b)(6)) and the petitioner was exercising her right not to work as a beauty operator because, as she testified, work would interfere with her caring for the child. In these circumstances, we can discern no error in the assistance authorities' finding that further training in electrolysis would not result in decreasing the claimant's need for assistance, the standard for

the allowance of the nonrecurring clothing grant by
55 Pa. Code §175.23(c)(2).

Order affirmed.

### ORDER

AND Now, this 19th day of October, 1982, the order
of the Hearing and Appeals Unit of the Department
of Public Welfare dated March 28, 1980 in the above-
captioned matter is hereby affirmed.