IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| J. R., | : | **CASES SEALED** |
| Petitioner | : | |
| | : | |
| v. | : | No. 61 C.D. 2017 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |
| | | |
| T. H., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 86 C.D. 2017 |
| | : | Submitted: September 14, 2017 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: October 5, 2017


Before us are the separate appeals filed by T.H. (Mother) and J.R. (Father) (collectively, Petitioners), the parents of S.R. (Child), who petitions for review from the order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA) on remand from our decision in *T.H. v. Department of Human Services*, 145 A.3d 1191 (Pa. Cmwlth. 2016) (*T.H.*), where we directed a new opinion to make credibility determinations and findings of fact.

Upon remand, BHA did not remove Petitioners from the ChildLine Registry (Registry) because they did not overcome the presumption set forth in Section 6381(d) of the Child Protective Services Law (CPSL), 23 Pa.C.S. § 6381(d), that any person responsible for the welfare of a child is presumed responsible for any abuse of that child. For the following reasons, we affirm.

## I.

Child was born on September 16, 2012. At that time, parents were unmarried and did not reside together, although Father stayed every other weekend at Mother's residence to visit Child. When Child was approximately four months old, Mother noticed that Child had some bruises and took photographs, notifying Pike County Children and Youth Services (CYS) of suspected abuse by Father. Following this discovery, Child was taken to the doctor several times for excessive vomiting. At the last of these visits, Dr. LaFranco, Child's pediatrician, observed a bruise on Child's pelvic region, which Mother purportedly believed to be diaper rash. Upon closer examination and the discovery of another bruise on Child's neck, Dr. LaFranco called CYS and Child was transported to Geisinger Hospital where an array of tests was performed. Child was diagnosed with "Shaken Baby Syndrome," having exhibited retinal hemorrhages, bilateral subdural hematoma and six fractured ribs. Doctors opined that Child was shaken in the days prior to December 24, 2012, at which time the ribs were fractured.

Shelter care was granted to CYS, Child was deemed dependent, and CYS filed indicated reports against both Petitioners, naming them as perpetrators of child abuse.[1]

A dependency hearing before the Pike County Court of Common Pleas (common pleas court) was conducted. At this hearing, multiple testimonies were taken, including that of Jessica Wright (Wright), the initial CYS caseworker on Petitioners' case. Wright testified that Mother called her on January 2, 2013, and said that "father couldn't be left alone with the child." (Mother's Reproduced Record (R.R.) at 307a.) The testimony of Angela Fucci (Fucci), the CYS caseworker who was later assigned to Petitioners' case, was also taken. Fucci stated that when Mother spoke to her on January 21, 2013, she told her that Father had visited Child as recently as that very weekend. (Mother's R.R. at 277a.) Father also testified to the following:

> Q: Sir, if [Mother] takes a shower are you alone with [Child]?
>
> A: Yes.
>
> Q: If she fixes his bottles are you alone with [Child]?
>
> A: Yes.
>
> Q: When she walks the dogs are you alone with [Child]?

___

[1] The Department maintains indicated reports of child abuse "if an investigation by the department or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following: (i) [a]vailable medical evidence[,] (ii) [t]he child protective service investigation[,] or (iii) [a]n admission of the acts of abuse by the perpetrator." 23 Pa.C.S. § 6303(a).

A: Yes.

(Mother's R.R. at 435a.)

Common pleas court ordered that Child be returned to Mother and dependency status was lifted because the judge was never able to determine which parent was the perpetrator of the abuse. However, the Department maintained the indicated reports in the Registry against both Petitioners. The Department appealed to the Superior Court, which affirmed the common pleas court order returning Child to Mother's custody.

Petitioners filed separate appeals to have their reports expunged from the Registry, arguing that there existed no clear and convincing evidence as to which parent was the perpetrator of the abuse. Petitioners did not testify at the hearing before the Administrative Law Judge (ALJ), but each submitted transcripts and exhibits from the dependency action in the common pleas court.

At the hearing, the Department acknowledged that it could not positively identify which of the Petitioners had committed physical abuse of the Child. However, the Department argued that the presumption set forth in Section 6381(d) of the CPSL should apply. Pursuant to that section:

> (d) Prima facie evidence of abuse. – Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be *prima*

4

> *facie* evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S. § 6381(d).

Each of the Petitioners attempted to establish that the other was responsible for the abuse. Father presented evidence that he did not have sufficient opportunity to abuse Child, as he was never alone with him. Mother, on the other hand, presented evidence that she was the one who contacted CYS in the first place with concerns that Child had been abused by Father, and that it was she who took Child to his various doctor appointments.

The ALJ reviewed the evidence and determined that Petitioners were Child's sole caretakers during the relevant time period when the abuse would have taken place because Mother had primary custody of Child and Father had visitation and custodial rights to visit Child every other weekend. He went on to find that, notwithstanding the fact that the Department was unable to establish who abused the child, our Supreme Court held in *In re L.Z.*, 111 A.3d 1164 (Pa. 2015), that the Section 6381(d) presumption had to be overcome by each caretaker individually presenting sufficient evidence that they were not responsible for the abuse. The ALJ determined that neither Petitioner presented sufficient evidence to rebut the presumption and denied each of their separate administrative appeals. BHA adopted the ALJ's recommended decision, and Petitioners then separately petitioned this Court for review.

In *T.H.*, we determined that because each Petitioner accused the other of abusing Child, there was conflicting evidence regarding which parent was caring for Child when the abuse occurred. We also determined that there was a conflict regarding whether each parent had a reason to question whether leaving Child with the other parent was safe. Ultimately, we held that the ALJ did not resolve these conflicts. We acknowledged, though, that the ALJ was correct in applying the Section 6381(d) presumption and the principles in *In re L.Z.* Citing *In re L.Z.*, we noted that "[t]he evaluation of the validity of the presumption . . . rest[s] with the [fact finder] evaluating the credibility of the *prima facie* evidence presented by the CYS agency and the rebuttal of the parent or responsible person." *T.H.*, 145 A.3d at 1204 (citing *In re L.Z.*, 111 A.3d at 1185). We held that CYS did, in fact, meet its initial burden of proof using the Section 6381(d) presumption, and thereby successfully shifted the burden to Petitioners to rebut that presumption. We also held that:

> In light of the conflicting rebuttal evidence presented by Mother and Father, the Bureau had to determine whether that evidence offered by Mother and Father rebutted the presumption. Because these issues were not resolved by the fact finder, it is necessary to remand this matter for a new determination.

*T.H.*, 145 A.3d at 1204. We then issued an order (Remand Order) vacating BHA's order and remanded the matter "for a new decision that [would] include credibility determinations and findings of fact." *Id.*

On remand, BHA issued an opinion which included findings of fact per our instruction. Among these was a finding that "[n]either [Petitioner] ha[s]

6

submitted countervailing competent, substantial evidence sufficient to rebut the presumption." (Mother's R.R. at 591a.) Specifically, with regard to the evidence Mother presented, the opinion stated:

> [Mother] argues she did not commit abuse and points to her taking the subject child to numerous medical appointments for diagnosis and treatment and contacting CYS to report her concerns the subject child was being abused as evidence of the same. However, the evidence submitted demonstrated that while [Mother] contacted CYS on December 24, 2016 to report her concerns about [Father] possibly abusing the subject child, she then continued to spend time with [Father] and allow the subject child to sit with [Father] for the next three (3) weeks. If [Mother] had legitimate concerns about [Father] committing child abuse on the subject child it is unlikely that she would have allowed the subject child to be with [Father] until an investigation could be completed. By doing so she would have been committing physical child abuse by omission. Furthermore, neither her taking the subject child for medical treatment, nor her contacting CYS regarding suspected abuse absolves her from abusing the subject child as it is not uncommon for the person committing the abuse to try and deflect the blame to someone else. Finally, while [Mother] argues no prior court has determined that she committed child abuse, this argument fails and is not dispositive of whether the undersigned, who unlike the dependency court is tasked with making a determination of whether [Petitioners] were properly indicated for child abuse. Therefore, the evidence presented on behalf of [Mother] has failed to rebut the presumption.

(Mother's R.R. at 597a.) With regard to Father's evidence, BHA wrote:

> [Father] argues he did not commit abuse and points to the lack of opportunity he had to commit abuse as he had

7

little contact with the subject child and when he did have contact, [Mother] was present. However, at the Dependency hearing, [Father] admitted that at times, he was alone with the subject child; therefore, [Father] clearly had the opportunity to commit the abuse. Furthermore, the simple fact that [Mother] was present the majority of the time [Father] visited with the subject child does not preclude [Father] from abusing the subject child. Since [Father] admittedly was alone with the subject child at times when the abuse occurred he clearly had opportunity to commit the abuse. Therefore, [Father's] argument completely fails and is insufficient to rebut the presumption.

(Mother's R.R. at 596-97a.) Accordingly, BHA denied Petitioners' separate appeals. Petitioners then separately appealed to this Court.[2]

## II.

Initially, Petitioners contend that our Remand Order directing BHA to make credibility determinations regarding conflicting evidence entitled them to an evidentiary hearing where they could present new testimony.

Where a case is remanded for a specific and limited purpose, "issues not encompassed within the remand order" may not be decided on remand. *Levy v. Senate of Pennsylvania*, 94 A.3d 436, 442 (Pa. Cmwlth. 2014) (citing *In re Independent School District Consisting of the Borough of Wheatland*, 912 A.2d

---

[2] When a petitioner challenges a decision by an administrative agency, our scope of review is limited to "determining whether or not the final adjudication was in accordance with law, constitutional rights were violated, or all necessary findings of fact were supported by substantial evidence." *Holloway v. Department of Public Welfare*, 445 A.2d 1329, 1331 (Pa. Cmwlth. 1982).

903, 908 (Pa. Cmwlth. 2006)). A remand does not grant a litigant a "second bite of the apple." *Levy*, 94 A.3d at 442 (citing *Emery Worldwide v. Unemployment Compensation Board of Review*, 540 A.2d 988, 990 (Pa. Cmwlth. 1988)). Our Remand Order only directed that BHA issue "a new decision that [would] include credibility determinations and findings of fact." *T.H.*, 145 A.3d at 1204. No evidentiary hearing was ordered. BHA complied with our Remand Order not to conduct an evidentiary hearing.

Accordingly, BHA properly denied Petitioners' request for an evidentiary hearing on remand.

## III.

Petitioners also separately argue[3] that BHA erred by determining that they did not sufficiently rebut the presumption, with the evidence they separately presented, that they each were perpetrators of Child's abuse.[4]

---

[3] Mother argues that the Department retains the burden to prove substantial evidence in order to maintain a report against Petitioners. We already held in *T.H.* that it was appropriate to apply the reasoning of *In Re L.Z.* and the Section 6831(d) presumption in this case. 145 A.3d at 1200. Per that line of reasoning, it is the Petitioners, not the Department, who hold the burden of rebutting the presumption, which the Department has already succeeded in holding against Petitioners.

Mother also argues that because the Department was unable to prove that she was the perpetrator of abuse in the common pleas court decision to lift Child's dependency status and return Child to Mother's custody, it should have been unable to do so at the expungement proceeding before BHA and, therefore, BHA abused its discretion by finding that the Department established a *prima facie* case. Again, we addressed this in *T.H.* when we held:

> [I]t is unclear from the dependency hearing transcript or common pleas' 1925(a) opinion whether common pleas applied or considered the presumption set forth in Section 6381(d) in making

**(Footnote continued on next page…)**

9

Once the Section 6381(d) presumption is established, it may be rebutted by presenting evidence that the child was not in the parents' care when the injuries were suffered or that the parents had no reason to question their decision to leave the child in the other person's care. *In re L.Z.*, 111 A.3d at 1185-86. The ALJ found that the Father was not credible and did not overcome the presumption because:

> [Father] . . . points to the lack of opportunity he had to commit abuse as he had little contact with the subject child and when he did have contact, [Mother] was present. However, at the Dependency hearing, [Father] admitted that at times, he was alone with the subject child; therefore, [Father] clearly had the opportunity to commit the abuse. . . . Therefore, [Father's] argument completely fails and is insufficient to rebut the presumption.

---

**(continued…)**

> these determinations. Even if it had done so, the Supreme Court clarified and broadened the interpretation in *L.Z.* after common pleas issued its 1925(a) opinion, and it was this broader interpretation that the ALJ used in the Adjudication here.

*T.H.*, 145 A.3d at 1201. We, therefore, decline to address this issue again, as we already decided that BHA was not obligated to come to the same result as the common pleas court.

[4] Father argues that BHA erred because it did not have evidence that he was a perpetrator of abuse. However, as we held in *T.H.*, "CYS presented 'evidence that . . . [C]hild suffered injur[ies] that would not ordinarily be sustained but for the acts or omissions of [Child's] parent[s]' and, therefore 'establish[ed] that [Child's] parent[s] . . . perpetrated that abuse unless the parent . . . rebuts the presumption.'" *T.H.*, 145 A.3d at 1201-02. Furthermore, we stated that "[t]his satisfie[d] CYS's burden of proof through the use of the presumption." *Id.* at 1202. Because this Court already decided this issue, there is no need for us to examine it further.

10

(Mother's R.R. at 596a.)  Because Father's rebuttal evidence was contradictory to his past testimony, the ALJ did not find Father credible and, therefore, he failed to rebut the presumption against him.

Similarly, in explaining why Mother was not credible and did not overcome the presumption, the ALJ stated:

> [Mother] . . . points to her taking the subject child to numerous medical appointments for diagnosis and treatment and contacting CYS to report her concerns the subject child was being abused as evidence [that she did not commit abuse].  However, the evidence submitted demonstrated that while [Mother] contacted CYS on December 24, 2016 to report her concerns about [Father] possibly abusing the subject child, she then continued to spend time with [Father] and allow the subjected child to visit with [Father] for the next three (3) weeks.

(Mother's R.R. at 597a.)  This evidence speaks to whether or not Mother had reason to trust leaving Child in Father's care.  Because there is countervailing evidence against Mother that she had reason to question leaving Child in Father's care but did so anyway, the ALJ found that she was not credible and did not rebut the presumption.

We may not reweigh or examine credibility determinations.  *R.J.W. v. Department of Human Services*, 139 A.3d 270, 280 (Pa. Cmwlth. 2016). Therefore, based on those findings, the ALJ properly determined that neither of the Petitioners presented sufficient evidence to rebut the presumption.

11

Accordingly, for the foregoing reasons, we affirm BHA's December 20, 2016 decision denying Petitioners' appeals to have their Registry reports expunged.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. R.,                                      :
                    Petitioner              :
                                            :
          v.                                :   No. 61 C.D. 2017
                                            :
Department of Human Services,               :
                    Respondent              :

T. H.,                                      :
                    Petitioner              :
                                            :
          v.                                :   No. 86 C.D. 2017
                                            :
Department of Human Services,               :
                    Respondent              :


# **O R D E R**


AND NOW, this 5<u>th</u> day of <u>October</u>, 2017, the December 20, 2016 order of the Bureau of Hearings and Appeals in the above-captioned matter is affirmed.


_____
DAN PELLEGRINI, Senior Judge